```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
ERIC MENDEZ,                  :   Civil Action No. 05-1716(NLH)
                              :
         Plaintiff,           :
                              :
    v.                        :   OPINION
                              :
UNITED STATES OF AMERICA,     :
                              :
         Defendant.           :
```

**APPEARANCES:**

Eric Mendez
#28702-054
FCI Fort Dix
Unit 5802
P.O. Box 7000
Fort Dix, NJ 08640-0907

   *Pro se*

Dorothy J. Donnelly, Esquire
United States Attorney's Office
402 East State Street
Room 430
Trenton, NJ 08608

   *Attorney for Defendant*

**HILLMAN**, District Judge

   This matter has come before the Court on Defendant's motion to dismiss Plaintiff's Complaint for lack of jurisdiction. For the reasons expressed below, Defendant's motion is denied.

                           **BACKGROUND**

   Plaintiff, Eric Mendez, is an inmate at FCI Fort Dix. In his Complaint, Plaintiff claims that when he was released from a

week-long stay in the Segregated Housing Unit (SHU), Bureau of Prison (BOP) officers returned only one of four bags containing his personal belongings that he checked-in prior to being admitted into SHU.  Plaintiff complied with the Federal Tort Claims Act (FTCA) by filing a notice of claim for the loss of his property.  Defendant denied his claim.  Plaintiff then filed his Complaint, *pro se*, with this Court.  His claim is for $465.55.

Defendant has filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Civil Procedure Rule 12(b)(1), or in the alternative, a motion for summary judgment, claiming that a provision of the FTCA exempts it from the waiver of sovereign immunity.

## DISCUSSION

The FTCA waives the federal government's immunity from suit for certain tort claims as long as a claimant follows proper claim procedures.  The Act contains exceptions to that waiver, however.  See 28 U.S.C. § 2680.  At issue here is § 2680(c), which provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to--
>
> . . .
>> (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section

2

>    1346(b) of this title apply to any claim
>    based on injury or loss of goods,
>    merchandise, or other property, while in the
>    possession of any officer of customs or excise or any other law e
>
>>    (1) the property was seized for the
>>    purpose of forfeiture under any
>>    provision of Federal law providing for
>>    the forfeiture of property other than as
>>    a sentence imposed upon conviction of a
>>    criminal offense;
>>
>>    (2) the interest of the claimant was not
>>    forfeited;
>>
>>    (3) the interest of the claimant was not
>>    remitted or mitigated (if the property was
>>    subject to forfeiture); and
>>
>>    (4) the claimant was not convicted of a crime
>>    for which the interest of the claimant in the
>>    property was subject to forfeiture under a
>>    Federal criminal forfeiture law.

Id. § 2680(c).

Defendant contends that § 2680(c) applies to BOP officers and retains their immunity for any claim that they lost or injured a prisoner's goods because a BOP officer is "any other law enforcement officer" under the Act.  Plaintiff opposes Defendant's motion.

The Third Circuit has not addressed the issue of whether a BOP officer is "any other law enforcement officer" under § 2680(c).[1]  The circuit courts that have considered the issue are split, and the United States Supreme Court has been silent.  Six

---

[1] The only court in the Third Circuit that has addressed the issue is the Western District of Pennsylvania in Gibson v. Sadowski, 2006 WL 1785563 (W.D. Pa. June 26, 2006), which adopted the Fourth Circuit's reasoning as discussed, infra.

of the circuit courts have held that "any other law enforcement officer" can be read expansively to include BOP officers.[2] Four of the circuit courts have interpreted the phrase more narrowly and have held that it only includes law enforcement officers acting in an excise or customs capacity.[3]

Most recently, in Andrews v. United States, 441 F.3d 220 (4th Cir. 2006), the Fourth Circuit Court of Appeals extensively analyzed the scope of the phrase "any other law enforcement officer" in the context of a prisoner's action for the loss of his property at the hands of a BOP officer. In its analysis, the court considered: 1) an "important interpretive method" established by the Supreme Court in Kosak v. United States, 465 U.S. 848, 853 (1984), that the phrase should be considered in the context of § 2680(c) rather than "placing a thumb on the scale for the benefit of the sovereign"; 2) the canons of statutory

---

[2] See Gibson v. Sadowski, 2006 WL 1785563, at *2 (W.D. Pa. June 26, 2006) (citing Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 807 (9th Cir. 2003); Chapa v. U.S. Dept. of Justice, 339 F.3d 388, 390 (5th Cir. 2003); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002); Cheney v. U.S., 972 F.2d 247, 248 (8th Cir. 1992); Schlaebitz v. U.S. Dept. Of Justice, 924 F.2d 193, 195 (11th Cir. 1991); Ysasi v. Rivkind, 856 F.2d 1520, 1524 (Fed. Cir. 1988)).

[3] See Gibson v. Sadowski, 2006 WL 1785563, at *2 (W.D. Pa. June 26, 2006) (citing Andrews v. United States, 441 F.3d 220 (4th Cir. 2006); Ortloff v. United States, 335 F.3d 652 (7th Cir. 2003), cert. denied, 540 U.S. 1225 (2004); Bazuaye v. United States, 83 F.3d 482 (D.C. Cir. 1996); Kurinsky v. United States, 33 F.3d 594, 596-97 (6 Cir. 1994), cert. denied, 514 U.S. 1082 (1995)).

construction *ejusdem generis* and *noscitur a sociis*; and 3) the principal reason behind the FTCA: "to avoid extending the FTCA to suits for which adequate remedies were already available." Andrews, 441 F.3d at 223-25 (citations and quotations omitted). The court also rejected the government's arguments to apply the canon of *in pari materia* and to consider the Civil Asset Forfeiture Act of 2000 in determining the phrase's scope. Id. at 226-27.

Following this analysis, the Fourth Circuit determined that the phrase should be read narrowly, and held, "In accordance with the text of and the reason for § 2680(c), we conclude that the phrase 'any other law enforcement officer' is limited to those officers acting in a tax or customs capacity." Id. at 227. As a result, the court concluded that because the BOP officer who moved the plaintiff's property had not been acting in an excise or customs capacity, § 2680(c) did not bar his complaint. Id.

This Court finds the Fourth Circuit's analysis to be exhaustive, its reasoning persuasive, and its holding correct. Here, the situation is identical to Andrews. Plaintiff claims that BOP officers lost his personal property. Defendants do not contend that any BOP officer was acting in an excise or customs capacity when handling Plaintiff's property. Consequently, for the reasons expressed in Andrews, Plaintiff's claim may proceed because § 2680(c) does not apply to BOP officers not acting an a

5

excise or customs capacity.

While we are not unmindful of the additional burdens this opinion would place on the United States and its law enforcement officers, it is for Congress to define the scope of waivers of sovereign immunity not this Court through an overly broad interpretation of the statute.

## CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Civil Procedure Rule 12(b)(1) must be denied.  An appropriate Order will issue.


Dated: October 19, 2006              s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.