### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

ERIC MENDEZ,                  :    Civil Action No. 05-1716(NLH)

                          :

        Plaintiff,      :

                          :

      v.               :    **OPINION**

                          :

UNITED STATES OF AMERICA,  :

                          :

        Defendant.      :

**APPEARANCES:**

Eric Mendez
355 E. 143 St. #8E
Bronx, NY 10454
    *Pro se*

Dorothy J. Donnelly, Esquire
United States Attorney's Office
402 East State Street
Room 430
Trenton, NJ 08608
    *Attorney for Defendant*

**HILLMAN**, District Judge

      This matter has come before the Court on Defendant's motion for the Court to reconsider its Order denying Defendant's motion to dismiss Plaintiff's Complaint for lack of jurisdiction. For the reasons expressed below, Defendant's motion is continued, and the action will be stayed.

<u>BACKGROUND</u>

      Plaintiff, Eric Mendez, is an inmate at FCI Fort Dix. In his Complaint, Plaintiff claims that when he was released from a week-long stay in the Segregated Housing Unit (SHU), Bureau of Prison (BOP) officers returned only one of four bags containing

his personal belongings that he checked-in prior to being admitted into SHU.  Plaintiff complied with the Federal Tort Claims Act (FTCA) by filing a notice of claim for the loss of his property.  Defendant denied his claim.  Plaintiff then filed his Complaint, *pro se*, with this Court.  His claim is for $465.55.

Defendant filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Civil Procedure Rule 12(b)(1), or in the alternative, a motion for summary judgment, claiming that a provision of the FTCA exempts it from the waiver of sovereign immunity.  The Court denied Defendant's motion, holding that the FTCA does not exempt it from immunity.  Defendant is now asking the Court to reconsider the denial of its motion pursuant to Local Rule 7.1(g).[1]

## DISCUSSION

As discussed in the Court's earlier Opinion, the FTCA waives the federal government's immunity from suit for certain tort claims as long as a claimant follows proper claim procedures. The Act contains exceptions to that waiver, however.  See 28

---

[1] The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.

U.S.C. § 2680.  At issue here is § 2680(c), which provides:

> The provisions of this chapter and section 1346(b) of
> this title shall not apply to--
>
> . . .
>
>> (c) Any claim arising in respect of the
>> assessment or collection of any tax or
>> customs duty, or the detention of any goods,
>> merchandise, or other property by any officer
>> of customs or excise or any other law
>> enforcement officer, except that the
>> provisions of this chapter and section
>> 1346(b) of this title apply to any claim
>> based on injury or loss of goods,
>> merchandise, or other property, while in the
>> possession of any officer of customs or
>> excise or any other law enforcement officer,
>> if--
>>
>>> (1) the property was seized for the
>>> purpose of forfeiture under any
>>> provision of Federal law providing for
>>> the forfeiture of property other than as
>>> a sentence imposed upon conviction of a
>>> criminal offense;
>>>
>>> (2) the interest of the claimant was not
>>> forfeited;
>>>
>>> (3) the interest of the claimant was not
>>> remitted or mitigated (if the property was
>>> subject to forfeiture); and
>>>
>>> (4) the claimant was not convicted of a crime
>>> for which the interest of the claimant in the
>>> property was subject to forfeiture under a
>>> Federal criminal forfeiture law.

Id. § 2680(c).

In its original motion, Defendant contended that § 2680(c)
applies to BOP officers, and retains their immunity for any claim
that they lost or injured a prisoner's goods, because a BOP
officer is "any other law enforcement officer" under the Act.

3

Noting that the Third Circuit has not addressed the issue of whether a BOP officer is "any other law enforcement officer" under § 2680(c), the circuit courts are split on the issue, and the United States Supreme Court has been silent, the Court disagreed with Defendant and followed the reasoning of the Fourth Circuit in Andrews v. United States, 441 F.3d 220 (4th Cir. 2006), which held, "In accordance with the text of and the reason for § 2680(c), we conclude that the phrase 'any other law enforcement officer' is limited to those officers acting in a tax or customs capacity." Id. at 227.  Because Plaintiff claimed that BOP officers lost his personal property, and none of the BOP officers were acting in an excise or customs capacity when handling Plaintiff's property, the Court held that, for the reasons expressed in Andrews, Plaintiff's claim was able to proceed because § 2680(c) does not apply to BOP officers not acting in an excise or customs capacity.

In its motion for reconsideration, Defendant presents for the Court's review four cases that held that BOP officers are immune under § 2680(c).  The first two cases, Smith v. United States, 2006 WL 231663 (D.N.J. Jan. 30, 2006) and Munoz v. Attorney for the U.S. Executive Office, 2006 WL 2246413 (M.D. Pa. Aug. 4, 2006), were not considered in the earlier Opinion.  In Smith, the court held that § 2680(c) provided immunity to BOP officers from claims of prisoners for possessions lost during

4

transfer from the SHU back to the general population.  Smith was decided prior to the Fourth Circuit's decision in Andrews.

In Munoz, the court held that § 2680(c) provided immunity to the U.S. Attorney's Office or the court's officers for losing a number of the plaintiff's personal belongings that were seized from him pursuant to a valid search warrant.  In making its decision, the court followed a Southern District of New York case that interpreted an older version of § 2680(c), which was amended in 2000.  Munoz, 2006 WL 2246413, *2 (discussing Schreiber v. U.S., 1997 WL 563338, *7 (S.D.N.Y.1997), which held that the "extension of § 2680(c) to law enforcement officers not involved in customs or excise activities was based on the conclusion that such an interpretation of the statute was consistent with Congress' objectives in creating exceptions to the FTCA").

The third case, Gibson v. Sadowski, 2006 WL 1785563 (W.D. Pa. June 26, 2006), was noted in the earlier Opinion, and it also adopted the Fourth Circuit's reasoning in Andrews.  Two days prior to the issuance of the Court's Opinion, and without this Court being aware, the court in Gibson reversed its decision. The court held that "after reconsideration of the issue of whether the phrase 'any other law enforcement officer' in § 2680(c) includes all law enforcement officers acting in an official capacity who have detained property, which would include the alleged conduct by the BOP officers in this case, the Court

5

finds that the phrase 'any other law enforcement officer' does include all law enforcement officers acting in an official capacity who have detained property." Gibson v. Sadowski, 2006 WL 3308442, *1 (W.D. Pa. Oct. 17, 2006).

The fourth case presented for review is Ali v. Federal Bureau of Prisons, 2006 WL 2990216 (11th Cir. Oct. 19, 2006), which was issued the same day as the Court's earlier Opinion.  In Ali, the court affirmed the district court's dismissal of the plaintiff's claim against the BOP for losing several of his religious and personal items, recognizing that the Eleventh Circuit had previously held that United States Marshals were immune from suit under § 2680(c) for negligently releasing a parolee's luggage to a third party.  Id. at *1 (citing Schlaebitz v. U.S. Dep't of Justice, 924 F.2d 193 (11th Cir. 1991)).

The Court does not find these four cases persuasive enough to reconsider its holding that the phrase "any other law enforcement officer" in § 2680(c) is limited to those officers acting in a tax or customs capacity.  As recognized in the earlier Opinion, it is for Congress to define the scope of waivers of sovereign immunity, and not this Court through an overly-broad interpretation of the statute.  The Court notes, however, that the United States Supreme Court has granted certiorari in the Ali case to answer the question.

Under 28 U.S.C. 2680(c), the Federal Tort Claims Act's

6

waiver of sovereign immunity does not extend to "[a]ny claim arising in respect of * * * the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." The question presented, over which ten circuits are divided six—to—four is: Whether the term "other law enforcement officer" is limited to officers acting in a tax, excise, or customs capacity.

Petition for Writ of Certiorari, <u>Ali</u>, 2007 WL 278844 (No. 06-9130).

Thus, because the Supreme Court will be soon settling the debate over the interpretation of § 2680(c), the Court will continue Defendant's motion, and stay this action pending the decision of the Supreme Court in <u>Ali</u>.[2]  An appropriate Order will issue.

Dated: June 4, 2007                          <u>s/ Noel L. Hillman</u>

At Camden, New Jersey                        NOEL L. HILLMAN, U.S.D.J.

---

[2]"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936).  "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." <u>Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.</u>, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing <u>American Life Ins. Co. v. Stewart</u>, 300 U.S. 203, 215 (1937)).